## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Marvin Homes, Inc.

v.

Commonwealth of Virginia

January 26, 1972

Case No. (Law) 11894

By JUDGE PHILIP L. RUSSO

The crucial question to be decided is whether or not the petitioner was a business within the meaning of the applicable statute for the tax years 1966, 1967, and 1968.

The very able Assistant Attorney General argues that it is not necessary to engage in business in order to be a business and that the business of petitioner was in existence during tax years 1966, 1967, and 1968. The equally able counsel for petitioner argues that in order for a business to be a business, it is necessary that it be engaged in a business.

The court is inclined to agree with counsel for the petitioner. In order for a corporation to be a business, in the opinion of the court, it must of necessity be engaged in business. In the instant case, there is no doubt that for some years prior to 1966, petitioner was engaged in business and was a business. Thereafter, it ceased to be engaged in business and in the opinion of the court, ceased to be a business within the meaning of the applicable statute.

Suppose a corporate charter were issued, officers were elected and the corporation was fully organized but did nothing more than to continue to pay its annual franchise fee. Would this corporation be a business? The court does not feel that it would be. If under the hypothetical

circumstances the corporation at the outset is not a business, why then is it not possible for a corporation to cease being a business but to remain a corporation? The court feels that it is possible and that this is what has happened in the instant case.

The court is of the opinion that the relief prayed for by the petitioner should be granted, but it is not due interest on these sums from the date of payment as contended in its memorandum.